### Hearst's Chicago American v. Mary E. Spiss.

#### Gen. No. 11,386.

1. SIGN—*when suspension of, from public street, unlawful.* Where the ordinances of a city prohibit the suspension of a sign across a public street, the suspension of a sign over a public street is unlawful, notwithstanding a permit authorizing the same may have been granted.

2. ORDINANCE—*how, cannot be amended.* An ordinance cannot be amended, repealed or suspended by a mere resolution.

3. RES IPSA LOQUITUR—*when doctrine of, applies.* Where a sign, unlawfully suspended over a public street, falls and injures a pedestrian, a presumption of negligence against the owner of such sign arises.

4. INDEPENDENT CONTRACTOR—*when rule of, does not apply.* Where the owner of a sign unlawfully suspends the same over a public street, it cannot escape liability by invoking the doctrine of independent contractor.

5. VERDICT—*when size of, cannot be questioned on appeal.* It cannot be urged upon appeal that a verdict is excessive where such point was not made upon motion for new trial and was not assigned as error upon appeal.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed December 16, 1904.

**Statement by the Court.** In June, 1901, appellant entered into a contract with one Gorham to hang for it over State street in Chicago, a large electric sign for advertising purposes. This sign contained nearly three thousand electric lights, was seventy-five feet long, twenty feet high and weighed more than a ton. It was hung to a wire cable stretched across the street, an end of which passed over the top of a building on each side of the street and was fastened to it. Attached to the lower edge of the sign was another cable, the ends of which were fastened to the buildings over which the upper cable passed by two guy ropes. The building on the east side of the street to which the guy ropes were attached was a brick building with an ashler stone front. This stone front was composed of slabs of stone four inches thick, was intended merely for ornament and carried no part of the weight of the building. Each stone was intended to be held in place by cutting a slot an inch deep in the top of the slab and fitting into it the turned down end of an iron strap which ran back into or through the brick wall of the building. The contractor drilled a hole four inches deep into two of the stone slabs and fastened in each an iron bolt. To each of these bolts a guy rope was attached.

February 28, 1902, plaintiff in passing along the sidewalk on the east side of State street in front of the building to which the guy ropes were attached was struck by pieces of stone which fell from the building. Her thigh and arm were broken and she was otherwise injured. The evidence shows that the stone slab to which a guy rope was attached was pulled away from the building, and that in

doing so the slab above and the one below the slab to which the guy rope was attached were pulled away from the building and fell to the sidewalk, while the slab attached to the guy rope did not fall to the ground. The wind was blowing with a velocity of forty-one miles per hour—a velocity that the evidence shows is not unusual in Chicago. The plaintiff recovered a judgment for $8,000 and the defendant appealed.

UTT BROS. and DARROW & MASTERS, for appellant.

JUDSON F. GOING, for appellee; DANIEL V. GALLERY, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The sign of appellant was suspended over the street in violation of a public ordinance of the city of Chicago—Ordinances of Chicago, sec. 1908. The fact that the city council, by resolution, granted appellant a permit to put up the sign did not make it lawful for it to do so. Whether a city council may by ordinance make it lawful to suspend such a sign across a public street is a question not necessary for us to decide. It is sufficient to say that the ordinance which prohibited the erection of such a sign could not be amended, repealed or suspended by a resolution. Hibbard v. Chicago, 173 Ill. 91; C. & N. P. R. R. Co. v. Chicago, 174 Ill. 445; People v. Mount, 186 Ill. 560. There is in this case no question of contributory negligence. Appellant placed and kept the sign over the street illegally. This illegal act contributed to appellee's injury, and appellant is liable for such injury without proof of negligence. Shearman & R. on Negligence, sec. 365; Stephani v. Brown, 40 Ill. 428; Salisbury v. Herchenroder, 106 Mass. 458; Garland v. Towne, 55 N. H. 55.

The issue submitted to the jury seems to have been as to the negligence of appellant. The contention of appellant is that because of the permit granted to it by order of the city council to put up the sign, the act of putting it up

was not unlawful, but lawful, and that as the sign was put up, not by appellant, but by an independent contractor pursuant to a contract with appellant, appellant is not liable for injuries sustained through the negligence of such independent contractor. The contention that appellant is not liable for the injuries to appellee because the sign was put up by an independent contractor is based upon the validity of the permit issued by order of the city council to appellant to put up the sign, for if that permit was invalid the sign was illegally suspended over the street and in that case, as we have seen, the defendant would be liable to appellee for her injuries, irrespective of any question of negligence. If, however, we assume that the permit was valid, we then have the case of a permit granted by the city council to appellant, by name, to do an act which could not lawfully be done without such permit. In such a case the work done under the permit, although done by an independent contractor, is regarded as work done by the person to whom the permit is issued, by the contractor as his servant or instrument. In support of this position we do not deem it necessary to do more than cite the case of N. C. St. R. R. Co. v. Dudgeon, 184 Ill. 477, in which the rule is clearly stated and the authorities in support of it are cited and reviewed.

From the fact that the stone slab to which one of the guy ropes was fastened was pulled away from the wall of the building to which it was attached by the pressure of the wind upon the sign, not in a hurricane, but in a wind of not unusual velocity, the jury was warranted in finding that such slab was not fastened or secured to the wall in such manner, or by such means as to make it a reasonably safe or secure object to which to fasten the guy ropes. It may well be that the construction of the building adopted was sufficient to secure the stone slabs to the brick wall under ordinary conditions, for under such conditions no force is exerted upon the slabs to pull them away from the wall. But the conditions were changed by the erection of the sign. It was known that such force would be exerted

whenever the wind blew against the sign, for the object of the lower cable and the guy ropes attached to it was to prevent the swinging of the sign from the pressure of the wind upon it. The men who put up the sign knew, or at least ought to have known, that if a slab to which a guy rope was fastened was pulled from its place by the pressure of the wind upon the sign, the safety of the people on the sidewalk under it would be endangered. The sign was of extraordinary size, the largest that up to that time had been put up in Chicago. It was put up over State street, the great retail street of the city, at a place where the sidewalks are crowded with people. A very slight examination would have disclosed the fact that the stone front was a mere veneer, that it was not really a part of the wall of the building, but was only fastened to that wall, yet no examination was made and a few months after the sign was put up the accident occurred. We think the evidence sufficient to warrant and support the finding that the contractor who put up the sign was guilty of negligence in putting up the same, and that the relations between the contractor and appellant were such as to make appellant liable to the appellee for the injuries sustained by her as a result of the negligence of the contractor.

It is further contended that the damages awarded to appellee are excessive, but it is not assigned for error here nor was it stated as a ground for new trial in the motion made in the trial court that the damages were excessive, and the appellant is in no position to have that question reviewed in this court. Emory v. Addis, 71 Ill. 274; Jones v. Jones, 71 Ill. 562; Brewer & Hoffman Co. v. Boddie, 162 Ill. 346. In this case, in view of the nature and effect of the injuries which appellee sustained, the damages awarded to her cannot be regarded as excessive.

Finding in the record no material error the judgment of the Circuit Court will be affirmed.

*Affirmed.*

Mr. Justice Smith did not take part in the decision of this case.