## Alexander W. Hope v. City of Alton.

1. ORDINANCE—*presumption as to knowledge of.* One dealing with a city and living therein is presumed to have knowledge of the ordinances enacted by and in force in such city.

2. ORDINANCE—*how, cannot be amended, modified or repealed.* A city ordinance cannot be repealed, amended or modified by a resolution of the city council; in order to produce such result the act which repeals, amends or modifies must be of equal dignity with such ordinance.

3. ESTOPPEL—*when, does not operate against municipality.* A city is not estopped to set up an ordinance prohibiting it from incurring an alleged obligation, when suit is brought against it upon account thereof, merely because it has accepted the benefit of the services made the basis of such alleged obligation.

Hope v. City of Alton.

Action of assumpsit. Appeal from the Circuit Court of Madison County; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed September 23, 1904.

B. J. O'NEILL and B. H. CANBY, for appellant.

L. D. YAGER, Corporation Counsel, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellant claims to have been employed as special attorney to attend to certain legal business for appellee, and brings this suit in assumpsit to recover his fees for the services rendered.

The declaration contains the common counts and one special count. The special count alleges that appellee was, on the first day of May, 1903, a municipal corporation, existing by virtue of the general incorporation laws of the State of Illinois relating to cities and villages, and was indebted to appellant in the sum of one thousand dollars for services as an attorney, by virtue of two certain resolutions passed by the city council, as follows :

" Whereas, a large number of damage suits have been brought against the city of Alton growing out of void and illegal ordinances passed by the Brueggemann administration, involving many thousand dollars, by Wolf, Maupin & Curdie, David Ryan and others, and whereas, it was deemed necessary to employ counsel to assist the Corporation Counsel, which has been usual and customary in such contingency in the past, and whereas, the Mayor and the Judiciary Committee have employed Alex. W. Hope in these cases, therefore be it resolved, that the action of the Mayor and Judiciary Committee in the employment of Alex. W. Hope, be and the same is hereby ratified and confirmed.

Dated April 30, 1902.

" To THE HONORABLE MAYOR AND MEMBERS OF THE CITY
    COUNCIL :
GENTLEMEN :

Your Finance Committee would respectfully report the following matter :   That Truman A. Taylor, Receiver, has filed an intervening petition in the case of the Farmer's

Loan and Trust Company v. The New England Waterworks Company et al., questioning the validity of the ordinance heretofore passed by this council fixing the rate per plug at $48 per annum. Therefore it will be necessary for the city to protect her interests and establish the validity of this ordinance to defend this suit. Your committee recommend that the Mayor, A. W. Young, be and he is hereby fully empowered and authorized to act for the city as fully as it might act for itself and to employ special counsel to appear in the United States Court and defend the interest of the city in this suit.

Adopted March 10, 1903."

Appellee interposed in defense the general issue and three special pleas. Appellant demurred to the special pleas and the court overruled the demurrer as to the first special plea and sustained it as to the second and third. The first special plea set up an ordinance of the city of Alton passed and approved August 13, 1899, establishing a department of the municipal government to be known as the law department of the city of Alton, to include the corporation counsel and city attorney, creating the office of corporation counsel and providing the manner of his appointment; providing that the corporation counsel should prosecute or defend in courts of record on behalf of the city of Alton, in all cases in which the interests of the city of Alton or any officer thereof should be involved; that he should, when required, advise the city council or any city officer in all matters of law, in which the interests of said city of Alton might be involved; that it should be his duty to draw such ordinances, bonds and contracts and examine and approve the same, as might be required of him by the mayor, the city council or any committee thereof; that in case of the temporary absence or inability of the corporation counsel to attend to the duties of his office, he might with the approval of the mayor and at his own expense appoint or employ some competent attorney to act in his place, but that the city of Alton should not in any case be liable to pay for the legal services of any attorney, except such only as might be performed by the corporation counsel or city attorney. The plea further stated that during all the time

said services were supposed to have been performed by appellant, said ordinance was in full force and effect and unrepealed; that during all of said time there was a regular licensed, practicing attorney at law, other than appellant, who was competent to discharge all the duties appertaining to the office of corporation counsel, holding said office through appointment by the mayor of the city, by and with the consent of the city council. Plaintiff elected to stand by his demurrer to the above plea, and the court thereupon gave judgment on the plea in favor of appellee and against appellant for costs. Appellant assigns as errors the overruling of the demurrer to said first special plea and the giving of judgment in favor of appellant thereon and against appellee for costs.

From the case presented by the declaration and plea it appears that on April 30, 1902, a resolution was passed by the city council of the city of Alton, ratifying the action of the mayor and judiciary committee in employing appellant, an attorney at law, to perform certain legal services for the city, and that afterwards on March 10, 1903, a report of the finance committee of the city council recommending that the mayor be authorized to employ special counsel to defend the city in a suit therein named was also adopted by the city council, and that appellant was employed as such special counsel; that in pursuance of his supposed employment by appellee in the manner above set forth, appellant performed certain legal services for the city; that during the time of appellant's employment there was in effect an ordinance of the city of Alton which provided that the city should not in any case be liable to pay for the legal services of any attorney except such only as might be performed by the corporation counsel or city attorney. This ordinance so long as it was in force and unrepealed, plainly prohibited the city from paying for the legal services of any attorney but the corporation counsel and city attorney. Appellant was neither corporation counsel nor city attorney, and must be presumed to have known of the existence of the ordinance, by the strict terms of which the

city would not be liable to pay him for any legal services he might render it, so long as that ordinance was in force. Unless, therefore, the ordinance was amended or repealed by the two resolutions above referred to (if the action of the board in adopting the recommendation of the finance committee on March 10, 1903, can be called a resolution), appellant is not entitled in law to recover his fees for services from the city. But it is well settled that a city ordinance cannot be repealed, amended or suspended by a resolution; that the act which amends, modifies or repeals must be of equal dignity with the act which enacts or establishes a law. The People v. Mount, 186 Ill. 560; The People v. Latham, 203 Ill. 9. Even if the ordinance be admitted to have been in full force, yet it is insisted by appellant that as appellee received and accepted the services rendered by appellant under said resolutions, it is estopped from pleading the ordinance in bar of this suit. If a city should be estopped from setting up an ordinance under such circumstances, the effect would be to permit an ordinance made for the protection of the city to be annulled by a mere resolution, provided services were performed under the resolution; but as we have above seen, an ordinance cannot be so annulled.

Appellant's claimed contract of employment, so far as the same provided expressly or impliedly for the payment of fees for his legal services by the city, was directly against the plain provision of the ordinance and therefore without authority of law. In Seeger v. Mueller, 133 Ill. 86, it is said: "No estoppel can ordinarily arise from the act of a municipal corporation or officer done in violation of or without authority of law. Every person is presumed to know the nature and extent of the powers of municipal officers, and therefore cannot be deemed to have been deceived or misled by acts done without legal authority." Had appellant desired to enter into a legal contract with the city to pay him for such legal services as he might render it, he should have procured the passage of a proper ordinance and not relied upon a mere resolution, which he was

bound in law to know was without authority to repeal or amend the existing ordinance. As he did not do so he cannot recover from the city for his services. The court properly overruled the demurrer to the first special plea and as that plea presented a complete defense to the action, and appellant elected to stand by his demurrer, the court could not do otherwise than render a judgment in favor of appellee upon the plea and against appellant for costs.

The judgment of the court below will be affirmed.

*Affirmed.*