The People of the State of Illinois ex rel. Edward Holvey et al., Appellants, v. Hal M. Smith et al., Appellees.

Gen. No. 8,481.

Heard in this court at the October term, 1930.
Opinion filed January 26, 1931.

A. M. FITZGERALD and H. C. MOORE, for appellants.

STEVENS & HERNDON, for appellees; A. D. STEVENS, of counsel.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

This is an appeal from the judgment of the circuit court of Sangamon county, entered after the court had sustained a demurrer to appellant's petition for writ of mandamus. Appellants stood by their petition and the suit was dismissed. The petition alleges that petitioners are qualified electors of the City of Springfield, who are also signers of a petition initiating an ordinance for the purpose of increasing the salaries of members of the Springfield Fire Department. It further alleges that more than the necessary statutory number of signers filed the petition for the passage of such ordinance and that the petition and or-

.dinance were properly presented to the city officials, who thereafter did not pass such ordinance in accordance with the statute and refused to call the special election provided by the Commission Form of Government Act for the purpose of submitting such ordinance without change to the electors. A general demurrer was filed to this petition. No question was raised as to the petition being a technical compliance with the requiremnets of the law; none as to the form of the ordinance. The sole question here presented is whether or not the proposed ordinance is within the purview of section 47 of the Commission Form of Government Act of March 10, 1910; in force July 1, 1910, Cahill's St. ch. 24, ¶ 370, which provides for the initiation of ordinances in that type of municipal government.

Petitioners contend that their petition stated a clear legal right and that this ordinance is a proper method of providing for such increase of salaries and that under the provisions of the statute it was mandatory upon the mayor and commissioners to either pass the ordinance without modification within 30 days after the petition and ordinance were filed with the city clerk, or thereafter call a special election for its submission to the electors of the city. Respondents contend that it is not such an ordinance as is contemplated by section 47 of this Act, Cahill's St. ch. 24, ¶ 370, but that the subject matter of the proposed ordinance is executive and not legislative.; that an ordinance is not the proper method of fixing salaries and that it is purely a matter within the discretion and control of the mayor and commissioners.

For an understanding of this question, it is necessary to recite some of the provisions of the Commission Form of Government Act. Section 25 of the Act, Cahill's St. ch. 24, ¶ 348, provides:

"The council shall have the power, by ordinance, from time to time, to create, fill and discontinue offices

and employment other than herein prescribed, according to their judgment of the needs of the city or village; and may, by majority vote of all the members, remove any such officer or employee appointed by them, except as otherwise provided for in this Act; and may, by resolution or otherwise, prescribe, limit or change the compensation of all appointive officers or employees.''

Under sections 24, 25, 27 and 28 of the Act, Cahill's St. ch. 24, ¶¶ 347, 348, 350, 351, it is contended that members of the fire department are appointive by the mayor or proper commissioner. Section 47 of the Act, Cahill's St. ch. 24, ¶ 370, provides:

''Any proposed ordinance may be .submitted to the council by petition signed by electors of the city or village, equal in number to the percentage hereinafter required. The signature, verification, authentication, inspection, certification and submission of such petition shall be the same as provided for petitions under section 42 hereof: Provided, such petition shall be filed with the city or village clerk.

''If the petition accompanying the proposed ordinance be signed by electors equal in number to twenty-five per centum of the votes cast for all candidates for mayor at the last preceding general municipal election, and contains a request that the said ordinance be submitted to a vote of the people if not passed by the council, such council shall either

'' (a) Pass such ordinance without alteration within thirty days after the filing of the same with the clerk, or

'' (b) Forthwith after thirty days from .the time of filing such petition, shall have expired, the council shall call a special election, unless a general municipal election occurs within ninety days thereafter, and at such special or general election, such ordinance shall

be submitted without alteration to the vote of the electors of said city.''

It is contended by appellees that section 47 of the Act uses the word ''ordinance'' exclusively in designating actions subject to initiative and referendum; on the other hand, section 25 expressly permits councils to prescribe, limit or change the ''compensation of all appointive officers or employees'' by ''resolution.'' By this exclusive use of the word ''ordinance'' in section 47, and the use of the word ''resolution'' in section 25, actions fixing, limiting or changing the compensation of firemen are clearly excluded from the operation of section 47.

Appellees cite Higler v. City of Cairo, 245 Ill. App. 283, which holds: ''The term of the office of chief of police of a city under a commission form of government is not fixed by the constitution or by any statute. The chief of police may be removed from office at any time. Cahill's St. ch. 24, ¶¶ 348, 352. While appellee was appointed annually and presumably for a period of one year, yet, he simply held the office during the pleasure of the appointing power and his salary could be raised, lowered or entirely revoked at any time without violating any constitutional provision. Quernheim v. Asselmeier, 296 Ill. 494.''

Quernheim v. Asselmeier cited, is a case of an officer under the county board. Section 25, supra, of the Commission Form of Government Act is also cited and referred to. Section 30 of the Act, Cahill's St. ch. 24, ¶ 353, by statute, fixes the salaries of the commissioners and mayor, and section 31, Cahill's St. ch. 24, ¶ 354, provides: ''All other officers, assistants or employes of such city or village shall receive such salary or compensation as the council thereof shall by ordinance provide, payable monthly or at such shorter periods as the council may determine, but no change shall be made in said salaries during the six months' period preceding any regular biennial election.''

The general powers of the council are set out in section 23, Cahill's St. ch. 24, ¶ 345, and are as follows: "The council shall have and possess, and the council and its members shall exercise all executive and legislative powers and duties now had, possessed and exercised by the mayor, city council, president and board of trustees of villages, board of library trustees, city clerk, city attorney, city engineer, city treasurer, city comptroller and all other executive, legislative and administrative officers in cities or villages now or hereinafter organized and incorporated under the general incorporation law of the State of Illinois for the incorporation of cities and villages, except that in each city or village organized under and adopting the provisions of this Act the board of local improvements, provided for, in and by an Act entitled, "An Act concerning local improvements," approved June 14, 1897, in force July 1, 1897. . . .

"The executive and administrative powers, authority and duties in such cities and villages shall be distributed into and among five departments, as follows:

"1.  Department of public affairs.

"2.  Department of accounts and finances.

"3.  Department of public health and safety.

"4.  Department of streets and public improvements.

"5.  Department of public property.

"The council shall, by ordinance, determine the powers and duties of, and to be performed by, each department and assign them to the appropriate departments; shall prescribe the powers and duties of officers and employees and may assign employees to one or more of the departments; may require an officer or employee to perform duties in two or more departments, and may make such other rules and regulations as may be necessary or proper for the efficient and economical conduct of the business of the city or village." This indicates that the commissioners may exe-

cute all functions of municipal government as thereto-
fore executed by mayors and city councils and presi-
dent and board of trustees of villages in the manner
as provided in this Act.

Appellees in their brief and argument have happily
provided us with the rules as to the distinction between
ordinances and mere resolutions of a city council or
city commission, and we insert: ''Prior to the adop-
tion of the Commission Form Act, the word 'ordinance'
had been defined as that form or method of city action
appropriate to the passage of a 'law' of the city. It
was the form which action by the city council making
permanent, continuing rules affecting the city as a
whole, should take.

''On the other hand, a 'resolution' had been de-
fined as the appropriate form for actions of a special
or temporary character, and what the law required to
be put in the form of an ordinance could not validly be
accomplished by a resolution.

''In the case of *C. & N. P. R. R. Co. v. City of Chi-
cago,* 174 Ill. 439, 445, the Supreme Court say: 'A
resolution or order is not a law, but merely the form
in which the legislative body expresses an opinion.
An ordinance prescribes a permanent rule of conduct
or government, while a resolution is of a special and
temporary character. Acts of legislation by a munici-
pal corporation, which are to have continuing force
and effect, must be embodied in ordinances, while mere
ministerial acts may be in the form of resolutions.'

''In the case of *Village of Altamont v. B. & O. S. W.
Ry. Co.,* 184 Ill. 47, 51, the Supreme Court say: 'Acts
of legislation by a municipal corporation which estab-
lish a permanent rule of conduct or government, and
which are to have a continuing force and effect, must
be established by ordinance.'

''In the case of *People v. Mount,* 186 Ill. 560, 571,
the Supreme Court say: 'A municipality can only

legislate through the passage of ordinances, and not by the passage of mere resolutions. It is well settled, that acts of legislation by a municipal corporation, which prescribe a permanent rule of conduct or government, and which are to have a continuing force and effect, must be established by ordinance. (*Chicago and Northern Pacific Railroad Co. v. City of Chicago,* 174 Ill. 439; *Village of Altamont v. Baltimore and Ohio Southwestern Railway Co.,* 184 id. 47.) "So, matters upon which the council wishes to legislate must be put in the form of an ordinance, and all acts that are done in its ministerial capacity may be in the form of resolutions." (17 Am. & Eng. Ency. of Law, p. 236.) "Resolutions are special and temporary, applicable only to a single matter of passing moment; ordinances are permanent regulations, applicable to all states of facts thereafter arising within the scope of their provisions." ' " It is rightfully contended that the legislature enacted the Commission Form of Government Act with a full knowledge as to how the terms "ordinance" and "resolution" had been construed.

Section 23 of the Act provides for the heads of departments and that their powers and duties shall be prescribed by ordinance. Section 24 provides for others officers that shall be elected by the city commissioners, and if their powers and duties are not prescribed by ordinance they are subject to the provisions of the General Incorporation Act (*supra*). Section 30) provides by statute of the State the salaries of the mayor and city commissioners. Section 31 provides that "all other officers, assistants or employees of such city or village shall receive such salary or compensation as the council thereof shall by *ordinance* provide." This certainly would include city firemen and showing at least, with these provisions standing alone, that it would not be unlawful to

fix the salary of city firemen by city *ordinance,* so there would be a fixed and permanent salary for such employees, and they would not be subject to the whims of the recurrent commissions. But appellees contend that this salient provision is meaningless and impossible by reason of section 25, cited *supra.*

Section 25 provides that "The council shall have the power, by *ordinance,* from time to time, to create, fill and discontinue offices and employment other than herein prescribed"; that is, offices and employments that have not before been mentioned in the Act, and proceeds: "And may, by majority vote of all the members, remove any such officer or employee appointed by them, except as otherwise provided for in this Act"; which may be construed that the words "except as otherwise provided for in this Act" mean unless prevented by a valid ordinance of said city. And the section proceeds, "and may, by resolution or otherwise," the word "otherwise" meaning "by ordinance" if necessary, "prescribe, limit or change the compensation of all appointive officers or employees." It has been the settled law of this State that an ordinance cannot be amended or modified by a resolution. (*People v. Mount,* 186 Ill. 560; *City of Carlyle v. Nicolay,* 333 Ill. 562, 568.)

Reading these sections together they become plain and simple. The mayor and commissioners may appoint city firemen and fix their compensation by resolution, if there is no ordinance upon the subject, under section 25, which would be a temporary action and depend entirely upon expediency. It would be equally lawful under sections 25 and 31 to provide for a permanent city fireman's service and fix the salaries of firemen by ordinance, which would become law of said city and not subject to the whims and caprice of the succeeding city commissioners. If established by ordinance, the offices and salaries could not

be changed by resolution. It is as illogical to contend that because the statute provides two methods for appointing firemen and fixing their compensation (by ordinance and resolution), that it can be done only by resolution as it would be to contend that it could be done only by an ordinance. It is contended by appellees that the fixing of the salaries of firemen is an administrative act. We know of no such authority. The appointment of the men may be purely administrative, and where the Act is adopted, administered under the Civil Service Act. The city council and the commissioners under this Act have full authority to "erect engine houses and provide fire engines, hose carts, hooks and ladders and other implements for prevention and extinguishment of fires, and provide for the use and management of the same by voluntary fire companies or *otherwise*," under clause 64 of section 65 of the general Act, Cahill's St. ch. 24, ¶ 65 (64). This power can be exercised much more fittingly by ordinance and only by ordinance if it is to be a permanent force. The commissioners also have power by ordinance only "To provide by ordinance in regard to the relation between all the officers and employees of the corporation in respect to each other, the corporation and the people," under clause 71 of said section 65 of the general Act, Cahill's St. ch. 24, ¶ 65 (71). In a city of the size of Springfield it would seem impossible to have an organized, effective fire department except the same was established by ordinance, as it doubtless is. It has been held that it is a proper function of a municipality by ordinance to create offices and fix the salaries or compensation to be paid (*Bullis v. City of Chicago*, 235 Ill. 472, 477; *City of Carlyle v. Nicolay*, 333 Ill. 562, 569), and, except for the language cited in said section 25, *supra*, that would be the rule in the Act under consideration. However, under all the provisions of the Act, we are of the opinion that such

salaries and compensation may be fixed by ordinance, and inasmuch as section 47 of the Act provides that "any proposed ordinance may be submitted to the council by petition signed by the electors," etc., we are of the opinion that the petitioners were within their rights under the Act to present the petition, and therefore it became the duty of the council to pass such ordinance, without alteration, within thirty days or to submit the same to a municipal vote of the electors. The subject is a proper subject for municipal regulation by ordinance, and while under the Act the council do have power to fix and regulate the salaries of firemen by resolution, until a proper ordinance is passed this in no manner is in derogation of the power of the council by ordinance or of the electorate by petition to initiate legislation by petition to place the subject upon a firm and permanent basis.

It follows that the judgment of the circuit court should be and is reversed and the cause remanded to said court, with directions to overrule the demurrer to said petition and require appellees to plead to said petition.

*Reversed and remanded with directions.*