Phillips Petroleum Company, Appellant, v. City of
Park Ridge, a municipal corporation, James L.
Galloway et al., Appellees.

Gen. No. 47,266.

First District, First Division.
March 31, 1958.
Released for publication April 29, 1958.

Sidley, Austin, Burgess & Smith, of Chicago (Howard P. Robinson, and Robert A. Downing, of counsel) for plaintiff-appellant, Phillips Petroleum Company.

Herbert R. Stoffels, of Chicago (John Alden Powers, of counsel) for appellees.

JUSTICE McCORMICK delivered the opinion of the court.

This is an appeal from an order of the Superior Court of Cook county denying a writ of mandamus prayed for by the plaintiff and dismissing its petition. The question before us is as to whether a resolution of the city council of Park Ridge could prohibit the issuance of a permit for the erection and operation of a filling station which was a valid use of plaintiff's property under the then existing zoning ordinance of the city.

On August 11, 1956 Phillips Petroleum Company, the plaintiff herein, entered into a contract for the purchase of certain real estate located at the intersection of Talcott road and Vine avenue in Park Ridge, Illinois. On October 19, 1956 the plaintiff made application to the building department of the city of Park Ridge, one of the defendants herein, for a building permit for the construction and operation of a retail filling station on the said property. At the time the contract was entered into and the application for a building permit was filed, the area was classified as "D" Commercial under the then existing zoning ordinance of the municipality, and under that classification a retail filling station such as the one here applied for was authorized. The application for the permit was in due form and technically correct. The building commissioner referred the matter to the city council for consideration at its meeting on November 6, 1956, at which meeting the city council passed a resolution which set up a commission to review and study zoning within the city and during this investigation ordered the building department to refuse to issue any building permits for gasoline service stations. The plaintiff obtained a deed for the property in question on November 30, 1956, which deed was properly recorded. On December 18, 1956 an attorney for the plaintiff ap-

557

peared before the city council of Park Ridge and orally demanded that the permit be granted, and on December 19, 1956 the plaintiff, through its attorneys, made a written demand on the city council, the mayor, the zoning board, the building board of review and the building department, all of Park Ridge, demanding that the permit in question be issued. No permit having been issued, on January 22, 1957 the plaintiff filed a petition for a writ of mandamus in the Superior Court of Cook county setting up in substance the foregoing facts.

On February 19, 1957 the zoning commission established by the November 6, 1956 resolution reported a proposed amendment to the zoning ordinance of Park Ridge, which was approved by the city council on February 19, 1957, and the council ordered that public hearings and notice be had pursuant to the requirements of chapter 24, article 73—8, Illinois Revised Statutes 1955.

On February 25, 1957 the defendants filed an answer to the petition. In their answer they admitted that the plaintiff owned the property; that plaintiff made application for a buildng permit to erect and operate a gasoline filling station in compliance with the building code; that demands were made for the issuance of such a permit; that at the time when the permit was applied for such filling station was a permitted use under the zoning ordinance of the city; and that the issuance of the permit has been withheld. As an affirmative defense they set up the passage of the resolution of the city council directing the building department to refuse to issue any building permits for filling stations pending the study of the problem and the submission of recommendations by the then appointed zoning commission, and assert that the officials of the city have a right to take no action for a reasonable time on applications for permits for a use

558

which would be repugnant to an amended zoning ordinance then under consideration by the city council.

On March 4, 1957 plaintiff filed a reply to defendants' answer in which it denied that the city of Park Ridge had the power to suspend the operation of the existing zoning ordinance pending a consideration of zoning within the municipality, and asserts that the suspension of the existing zoning ordinance was invalid, particularly when such suspension was attempted by resolution and not in compliance with the dictates of the enabling act. With its reply the plaintiff filed a motion for judgment on the pleadings, premised on the contention that the November 6, 1956 resolution was invalid as a matter of law. Arguments were had, oral stipulations made and memoranda of law and authorities submitted on the motion, and on March 22, 1957 the court entered an order denying the petition for the issuance of a writ of mandamus and dismissing the petition therefor, from which order this appeal is taken.

The plaintiff contends that the city council of Park Ridge had no power to suspend the operation of the existing zoning ordinance by resolution pending a review of zoning within the municipality. This case does not involve a question of the validity of an interim ordinance; however, many cases concerning such ordinances from other jurisdictions have been cited by counsel in their briefs.

■ An interim ordinance is one passed with the intention of preserving the status quo until a subsequent zoning ordinance can be enacted. The decisions in the several states with reference to interim ordinances are in conflict. This conflict in the decisions is "due in part, at least, to the diversity of constitutional and/or statutory provisions in these states and it frequently serves no useful purpose to discuss generally whether or not an interim ordinance can be legally

enacted without due inquiry being had to the constitutional or statutory requirements of the state wherein such interim ordinance is sought to be enacted." Yokley, Zoning Law and Practice, sec. 78. As was said in State ex rel. Fairmount Center Co. v. Arnold, 138 Ohio 259, 34 N.E.2d 777: "The decisions in other states on stopgap ordinances are in conflict. Owing to the lack of identity of constitutional and/or statutory provisions, it will serve no useful purpose to discuss such decisions."

In deciding the case before us it is not necessary to make any determination considering interim ordinances. The question which is squarely presented to us is as to whether or not a resolution passed by the city council of Park Ridge could suspend the zoning ordinance then in effect.

 Zoning is one of several types of regulation of property by a local government, all of which are expressions of the police power. Monmouth Lumber Co. v. Ocean Tp., 9 N. J. 64, 87 A.2d 9 (N. J.). In Trust Co. of Chicago v. City of Chicago, 408 Ill. 91, the court says:

"Every owner has the right to use his property in his own way and for his own purposes, subject only to the restraint necessary to secure the common welfare. (Village of La Grange v. Leitch, 377 Ill. 99.) This privilege was not created by the constitution but existed before its adoption and is guaranteed by it. (2700 Irving Park Building Corp. v. City of Chicago, 395 Ill. 138; State Bank & Trust Co. v. Village of Wilmette, 358 Ill. 311.) This privilege of a citizen to use his property according to his own will is both a liberty and a property right, (Village of La Grange v. Leitch, 377 Ill. 99; People ex rel. Schimpff v. Norvell, 368 Ill. 325,) subject always, however, to the police power of the State, under which new burdens may be

560

imposed upon property and new restrictions placed upon its use when public welfare demands. . . .

"The police power of the State is that power required to be exercised in order to effectually discharge within the scope of the constitutional limitations its paramount obligation to promote and protect the public health, safety, morals, comfort and general welfare of the people. (County of Du Page v. Henderson, 402 Ill. 179.) Zoning laws are enacted in the exercise of the police power. (58 Am. Jur., Zoning, # 2, # 3, # 18.) *A city possesses no inherent police power and cannot legislate upon or with reference to that, or any other subject, unless authorized by the General Assembly to do so.* (Father Basil's Lodge, Inc. v. City of Chicago, 393 Ill. 246.) *The enactment of article 73 of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1949, chap. 24, pars. 73–1 to 73–11,) by the legislature, is an express delegation of police power, under which municipalities are authorized to adopt and enforce zoning ordinances, thereby imposing reasonable restraints upon the use of private property.*" (Italics ours.)

Paragraph 73—1 of chapter 24, Illinois Revised Statutes, 1955, empowers municipalities to enact zoning ordinances. Paragraph 73—2 provides that the manner of effecting zoning is by the passage of an ordinance after review by a zoning commission established by the municipality, which commission will recommend a proposed zoning ordinance and conduct public hearings after due notice of such proposed zoning ordinance. Paragraph 73—8 provides for the method of changing existing zoning ordinances as follows:

"The regulations imposed and the districts created under the authority of this article may be amended from time to time by ordinance after the ordinance establishing them has gone into effect, but no such amendments shall be made without a hearing before

some commission or committee designated by the corporate authorities."

Paragraph 73—8 further provides for notice, protest and for a two-thirds majority vote to enact the ordinance under certain circumstances. The Act specifically provides that any action taken by a municipality to enact or alter a zoning ordinance must be by the passage of an ordinance enacted under and in accordance with the provisions therein contained. In City of Carlyle v. Nicolay, 333 Ill. 562, the court says:

"It is a general rule that when the legislature grants to a municipal corporation power to do any act and prescribes the manner in which the power shall be exercised, the power must be exercised in the manner stated in the grant and not otherwise. . . .

". . . Where the method of passing an ordinance is prescribed by the organic law of a municipal corporation, it can no more pass an ordinance in disregard of the requirement of such organic law than the legislature may pass a statute in disregard of a constitutional limitation."

It has also been held that existing ordinances may not be modified, suspended or amended by a resolution. People ex rel. Holvey v. Smith, 260 Ill. App. 166; People v. Thompson, 209 Ill. App. 570; Hope v. City of Alton, 116 Ill. App. 116; Bloomington & Normal Ry., Electric & Heating Co. v. City of Bloomington, 123 Ill. App. 639; Hearst's Chicago American v. Spiss, 117 Ill. App. 436. The resolution relied on by the defendants, which was passed by the city council of Park Ridge, recited that in the city of Park Ridge there was an unusually large number of gasoline service stations; that it appears that many more such stations will be constructed in the future; that they are not well planned and are the result of competition of the major 'oil companies; that the present ordinance of the city of Park Ridge permits the construction of gasoline

562

service stations in areas zoned "D" Commercial and immediately adjacent to areas zoned for residential use and in other respects unsuited for use as gasoline service stations; that such excessive number of stations constitutes a safety and fire hazard and causes congestion in the public streets, creating a safety hazard, affects the taxable value of property, and generally has an adverse effect upon public health, safety, comfort and morals; that the city council has determined that there should be a prompt review and study of the regulations imposed and districts created under the presently existing zoning ordinance of the city of Park Ridge. The resolution created a zoning commission to consider and recommend to the city council amendments to the zoning regulations pertaining to gasoline service stations and to hold hearings as provided in the Cities and Villages Act. It further provided that pending receipt of the recommendations of the zoning commission by the city council the building department of the city of Park Ridge is directed to refuse to issue any building permits for gasoline service stations.

 In effect, the city council by this resolution attempted to suspend the operation of the zoning ordinance then in effect in the city. Had the city council passed an ordinance instead of a resolution it would still be ineffective. There is no provision in the zoning sections of the Cities and Villages Act which permits the city council, either by ordinance, resolution or otherwise, to suspend properly enacted zoning ordinances. The only way in which the city council could have altered the existing zoning ordinance would be by passing an ordinance in strict compliance with the requirements of the said statute. There is no question that at the time when the plaintiff applied to the building department of Park Ridge for a building permit to construct and operate a filling station on the property

in question it was the peremptory duty of the building commissioner, under the zoning ordinance then in force, to issue such a permit, plaintiff having complied with the necessary requirements thereunder. The only ground upon which such permit was not issued was the existence of the resolution prohibiting its issuance. In our opinion the resolution passed by the city council ordering the building department to refuse to issue a permit was beyond the power delegated to the city by the statute. The permit should have been issued at the time when it was requested, and its withholding was an unreasonable and arbitrary act. A writ of mandamus could properly have been issued against the city, and mandamus was the proper action to compel its issuance. People ex rel. Kohout v. Village of North Riverside, 14 Ill.App.2d 503; People v. Village of Oak Park, 268 Ill. 256; People ex rel. Pielet Bros. v. Village of McCook, 3 Ill.App.2d 543.

On March 22, 1957, when the trial court denied the issuance of the writ of mandamus and ordered the dismissal of the petition, the original zoning ordinance of the city had not been changed. Prior thereto, on February 19, 1957, the zoning commission established by the November 6th resolution had reported a proposed amendment, which report was approved by the city council and public hearings were ordered thereon. The amendment to the zoning ordinance, under which a filling station in the area in question could not be built or operated, was not adopted until July 2nd and was published on July 11, 1957. In enacting the resolution of November 6, 1956 the city council, as we have pointed out, had exceeded its authority. The resolution was invalid and had no effect upon the rights of the plaintiff.

■ ■ Zoning ordinances adopted under and by virtue of the provisions of the Cities and Villages Act are not a grant of power to the owner of property,

564

rather they are a limitation upon his inherent right to use his own property in any way he sees fit within the law. It has been held that there is no vested right in the continuance of a law or ordinance, and that where the law or ordinance has been changed pending an appeal the case must be disposed of by the reviewing court upon the law as it then exists. Fallon v. Commerce Com., 402 Ill. 516. However, in People ex rel. Pielet Bros. v. Village of McCook, supra, where the record disclosed that the village trustees had created a series of obstacles to prevent plaintiff from obtaining a license to operate a junk yard in a highly industrialized section of the village, the action of the trustees, after receiving plaintiff's application, in amending the licensing ordinance to increase the requirements for such license was held to be discriminatory, and the court held that a writ of mandamus had been properly issued by the trial court against the village. In Deer Park Civic Ass'n v. City of Chicago, 347 Ill. App. 346, a case upon which the defendants rely, the court says:

"The general rule is that any substantial change of position, expenditures, or incurrence of obligations under a building permit entitles the permittee to complete the construction and use the premises for the purpose authorized irrespective of subsequent zoning or changes in zoning. 8 McQuillin, Municipal Corporations 272 (3d ed.). The authorities differ on the degree of action that must be taken in order that the initial permit privilege ripen into a vested right. . . . [Citing cases.]"

The court held that the work done by the petitioner there was sufficient to give rise to a vested right.

■ In the case before us the plaintiff does not claim that it had acquired a vested right, but it does claim that because of the improper, invalid and arbitrary action of the building department of the city of

565

Park Ridge, in reliance upon a void resolution, the plaintiff, although having acquired title to the property in question, was prevented from taking any measures which could have given it a vested right, and it contends that the defendants cannot in this court urge that the case should be disposed of here under the now existing zoning ordinance. With this contention of the plaintiff we are in accord. It would be a strange perversion of the law to hold that the defendants could now take advantage of their own wrong and in effect say that by virtue of the subsequent amendatory ordinance the plaintiff could now be prevented from building and operating a filling station since it had not taken any steps under which it could have acquired a vested right, when the reason that it had not was because it was prevented from acting by the invalid resolution passed by the city council. The rights of the parties crystallized at the time when the permit was applied for and was improperly withheld. To hold otherwise would be to give the city, without statutory authority, a right to suspend a zoning ordinance.

■ The defendants argue that there were conditions which either did or might have existed in the area which would have required prompt action in rezoning upon the part of the city council in order to protect the rights and interests of the property owners. The recourse should be to the legislature and not to the courts. Neither the city council nor this court can read into the statute a nonexistent provision. Neither did the city have any right under the existing zoning ordinance to withhold the permit, nor can the right of the city officials to have a reasonable time to issue such permit be construed to validate the withholding of the permit under the circumstances here present. People ex rel. Pielet Bros. v. Village of McCook, supra. In City of Coldwater v. Williams Oil Co., 288 Mich. 140, 284 N. W. 675, the court says:

"We are constrained to hold that use of the premises was unrestricted when defendant purchased and started the work of establishing a gasoline station thereon, and interference therewith by injunction under a void ordinance and stoppage of legitimate use thereof does not remit the question of vested rights to be governed by the quantity of use actually accomplished. The ordinance, enacted after legitimate use of the premises for a gasoline filling station was actually commenced, may not be given retroactive effect."

We have taken with the case a motion of the defendants to dismiss the appeal on the ground that the action has become moot because of the passage of the amendatory ordinance prohibiting the erection and use of the filling station on the land owned by the plaintiff. Under the view we have taken of the case the motion to dismiss must be denied.

The judgment order of the Superior Court is reversed and the cause remanded with directions that the writ of mandamus be issued as prayed.

Reversed and remanded with directions.

SCHWARTZ, P. J. and ROBSON, J., concur.