THOMAS E. WESTERHEIDE *et al.*, Petitioners-Appellants *v.* LEO OBER-NUEFERMAN *et al.*, Defendants-Appellees—(COUNTRY CLUB PLACE ASSOCIATION *et al.*, Intervenors-Appellees.)

(No. 70-142;

Fifth District—February 9, 1972.

Blatz, Guymon and Jennings, of Belleville, (Robert L. Jennings of council,) for appellants.

Eugene H. Widman, of Belleville, for defendants-appellees.

John M. Ferguson and Thomas Meyer, both of Belleville, (Wagner, Conner, Ferguson, Bertrand & Baker, of counsel,) for intervenor-appellee.

PER CURIAM:

This is an appeal from a judgment of the trial court denying appellants' petition for a writ of *mandamus* directing respondent-appellee, St. Clair County, Illinois, to issue a building permit to the petitioners-appellants for the construction of apartment units. Representatives of residential subdivisions adjoining the property involved were permitted to intervene as defendants.

The real estate involved in this matter consists of a tract of 1.96 acres lying adjacent to and abutting two residential subdivisions in which there are no multiple family dwellings, where all of the residences range in value from $40,000 to in excess of $100,000, and in an area where it is claimed traffic, water and fire protection problems already exist. Petitioners seek authority to construct sixteen apartments on the tract in question.

In essence, petitioners' argument is that it is the law in Illinois that where there has been a substantial change of position, expenditures, or obligations incurred in good faith by an innocent party under a building permit or a reliance upon the probability of its issuance, such party has a vested property right and may complete the construction and use the premises for the purposes originally authorized, irrespective of subsequent zoning or a change in zoning classification.

The respondents argue that 1) it is not arbitrary, capricious or unreasonable for authorities to refuse or delay the issuance of a building permit for construction which is prohibited under an ordinance which is pending and under consideration, and 2) the evidence does not support the argument that "long before zoning appeared on this scene, petitioners had made substantial investment or incurred substantial expense."

A chronological listing of pertinent events and of expenses incurred by petitioners are important. They are:

Spring of 1967, County of St. Clair entered into contract with SWIM-PAC for a comprehensive land use survey of the unincorporated areas of St. Clair County including the area involved.

This was public knowledge and a matter of record (Ordinances adopted by the County Board of Supervisors).

February 20, 1969, Petitioners purchased 1.96 acre tract.

May 12, 1969, Petitioners entered into contract with architect.

July 30, 1969, First public hearing on proposed zoning ordinance.

October 13, 1969, Public hearing on zoning ordinance—attended and objected to by petitioners.

November 16, 1969, Petitioners filed application for building permit.

November 18, 1969, Petitioners drew check for $400 as fee for filing.

November 28, 1969, Petitioners filed plans and specifications required under building permit ordinance.

December 1, 1969, St. Clair County Board of Supervisors met and adopted the St. Clair County Zoning Ordinance which became effective immediately prohibiting the construction of multi-family buildings on petitioners' land.

Petitioners paid $23,500 for the tract of land, $16,500 of which was a mortgage indebtedness, and incurred expenses in having their tract surveyed in the amount of $390. Petitioners claim that sometime on or after May 12, 1969, they became obligated to an architectural firm for the preparation of plans and specifications in the amount of $7,500.

■■ The trial court found the delay in acting on petitioners' application for a permit did not constitute an unreasonable delay nor arbitrary or capricious behavior on the part of the issuing authority. It further expressed the opinion that petitioners' expenditures were not, under the circumstances, extraordinary, pointing out that, based on the financing obtained, the land was worth on the real estate market the price paid, and that although the architects' fee was substantial the building plans were ordered prepared after notice of a possible change in zoning. We agree and affirm the judgment of the trial court.

■■ It is generally held that a municipality is without authority to suspend or modify an existing zoning ordinance to affect the rights of a property owner seeking a permit; that the only way a municipality can initiate a zoning ordinance, or alter, modify or change an existing ordinance, is to follow the procedure prescribed by the enabling statute. (*Phillips Petroleum Co. v. City of Park Ridge*, 16 Ill.App.2d 555, 149 N.E.2d 344.) However, an exception is found where proposals for change, alteration or modification are pending prior to the time the property owner lodges his application for a permit with the proper authority, and he has notice, actual or implied, of the pendency of such proposals.

The rationale applied by the court in *Chicago Title & Trust Co. v. Palatine*, 22 Ill.App.2d 264, 160 N.E.2d 699, is particularly appropriate to the case at bar. In that case the petitioner applied for a permit for a use that was permissible under the existing ordinance, but which would have been prohibited under the proposed ordinance, then under consideration. The application was denied and the petitioner prayed for and was granted writ of *mandamus* ordering the issuance of the permit. On

appeal, the court reversed the decree and held that "while the municipal authority had no right to arbitrarily or unreasonably refuse or delay the issuance of the permit, the issuance may be delayed where there is under consideration or pending an ordinance under which the issuance of the permit would be prohibited." See Annotation, 30 A.L.R.3d 1235.

From the list of pertinent events above it appears that there were proposals for change, alteration or modification of existing zoning ordinances under consideration prior to the time petitioners purchased the land, and that this was a matter of general knowledge to the community. There were two public hearings on the proposed zoning ordinance which changed the zoning applicable to the land in question. The petitioners attended the latter of the hearings and made objections to the proposed changes. The application for building permit was filed approximately one month after the public hearing attended by petitioners and the zoning ordinance prohibiting construction of multi-family buildings on petitioners' land, which became effective immediately, was adopted approximately two weeks after the application for a building permit was filed.

It is to be noted that no contention is made by appellants that the newly adopted zoning ordinance is unreasonable.

The case under consideration is distinguishable from cases relied upon by appellants. In *City of Belleville v. Leonard,* 108 Ill.App.2d 26, 246 N.E.2d 464, (published in abstract) we held that "* * * structures in the course of construction at the time of the enactment or effective date of a zoning law are generally exempted from the restrictions or prohibitions thereof." The case is readily distinguishable from the *City of Palatine* case which we believe is controlling here. In *Leonard* the stipulated facts show that the property owner purchased the tract in question two years prior to enactment of the zoning ordinance and had actually commenced construction work on the site. There is nothing in the case to indicate that the zoning ordinance was under consideration at the time the property was acquired or that the property owner had any knowledge, actual or implied, that a zoning change was under consideration. The case is thus distinguished on its facts and its principle not controlling here. In *Deer Park Civic Ass'n. v. City of Chicago,* 347 Ill.App. 346, 106 N.E.2d 823 plaintiffs sought a judicial declaration that a building permit, previously issued, had been revoked by an amendatory ordinance changing the zoning from manufacturing to family dwelling. The court found that there had been extensive planning and expenditures looking toward the construction of the planned manufacturing plant and accordingly the amendment to the ordinance would have no effect upon the building permit which had been issued prior to the amend-

ment. In *Sgro v. Howarth,* 54 Ill.App.2d 1, 203 N.E.2d 173, the building site in question had been zoned commercial for forty years but its use remained essentially residential. The application for the permit was found to have triggered the city council into the adoption of a resolution that the present zoning was unreasonable and arbitrary and recommending to the Zoning Board of Appeals that the zoning be changed to residential. It was held, on the basis of *Phillips Petroleum Co. v. City of Park Ridge, supra,* that the rights of the parties were crystalized when the application for the permit was filed, and that procedures to change the applicable zoning which were instituted after the filing of the application for permit would be unavailing as a basis to refuse to issue the requested permit.

■■ None of these distinctions or exceptions prevail in the instant case. There was no precipitate change in zoning; on the contrary, there was sufficient warning obvious in the facts of the situation to justify a conclusion that petitioners took a deliberate chance on succeeding with their project. There is no vested right in the continuance of a law or ordinance and petitioners-appellants were not deprived of a vested right due to any wrongful action on the part of defendants or intervenors-appellees.

Appellants also contend that they were singled out for a discriminatory refusal of a building permit since other applicants who filed while the proposed ordinance was under consideration were granted their permits. This contention adds no weight to the appellants' case since there is no showing as to whether the permits so granted were for conforming or non-conforming uses under the proposed ordinance.

The judgment of the circuit court is affirmed.

Judgment affirmed.