GARY-WHEATON BANK, Trustee, *et al.*, Plaintiffs-Appellees, *v.* THE VILLAGE OF LOMBARD *et al.*, Defendants-Appellants.

Second District   No. 79-319

Opinion filed May 13, 1980.

Klein, Thorpe & Jenkins, of Chicago, and John Brechin, of Lombard, for appellants.

James K. Young, of Lombard, for appellees.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

This matter is on appeal by the defendant village from an order of the circuit court of Du Page County directing the village to issue a building permit to plaintiffs for the construction of two apartment buildings. On April 3, 1978, plaintiffs had filed a complaint seeking declaratory and mandamus relief regarding certain designated property.

On June 8, 1978, the village, by motion, adopted a moratorium on the

issuance of building permits in an area of the village which included the subject property. In a somewhat similar manner, by motion, the village extended the moratorium to October 13, 1978. The parties resolved their differences and on August 15, 1978, the trial court entered a consent judgment and decree. In substance, the judgment approved a plat of subdivision of the property in question consisting of five lots and allowed construction of two-family residences thereon. The decree withheld the issuance of building permits or the commencement of any actual construction of private improvements prior to October 13, 1978. This limitation was based upon the moratorium on building permits due to expire on October 13, 1978, and in its decree, the court found that the moratorium had been imposed by the village pursuant to valid and legitimate exercise of its authority.

The decree further provided that any development of the property was subject to the said moratorium provided, however, that the issue of any extension of the moratorium on building permits beyond October 13, 1978, was specifically reserved as an issue for further determination by the court. In paragraph 7 of the decree the parties also agreed and represented to the court that they had settled and compromised all matters at issue between them except those issues specifically reserved in the decree. The only issue reserved in the decree was the extension of the moratorium on building permits beyond October 13, 1978.

At its regular meeting of October 12, 1978, upon oral motion, the board of trustees of the village extended the building moratorium until April 13, 1979, for the northwest corner of the village of Lombard.

On October 14, 1978, plaintiffs were denied a building permit for the reason that the moratorium on building permits had been extended. On November 9, 1978, plaintiffs filed a petition seeking damages and on December 21, 1978, filed another petition seeking compliance with the consent decree and for an order directing the village to issue a building permit. Hearings were had on the petitions on December 8 and December 12, 1978.

In April of 1979, the village adopted ordinance No. 2289, extending the moratorium until May 1, 1979. On June 1, 1979, the court heard final arguments on the petitions and entered its order finding the village estopped from denying the issuance of building permits to the plaintiffs for the property in question. The court also declared the moratorium action taken by the defendant-village invalid as it pertained to the subject property and ordered the issuance of building permits to plaintiffs provided they comply with all appropriate rules and regulations for the issuance of said permits. The court denied the plaintiffs money damages.

On appeal the village raises two principal issues. It contends that the trial court erred in finding: (1) that the defendant-village was estopped

from denying the issuance of building permits and (2) that the moratorium action of the village was invalid as applied to plaintiffs' property.

We review these contentions in reverse order. If the moratorium against the issuance of building permits was not legally extended by the village on October 12, 1978, then, pursuant to the unmistakable terms of the consent decree, the plaintiffs were granted the right to construct two-family residences on the property and were entitled to the issuance of a building permit on October 14, 1978. This was a judicial determination awarded plaintiffs by the court's consent decree of August 15, 1978, which the village could not thereafter impair by subsequent legislative action or otherwise. In oral argument before this court, the village attorney conceded that such would be the case. Under these circumstances, the question of estoppel is not relevant and the court's finding in that regard is surplusage.

The issue with which this court must first concern itself, therefore, is the validity of the October 12, 1978, extension of the moratorium. The only action taken by the village on October 12, 1978, was to adopt a motion that the Lombard village board "extend the building moratorium until April 13, 1979, for the northwest corner of the Village of Lombard." The trial judge found this action of the village board to be invalid as applied to plaintiffs' property.

Defendant argues that such a finding constitutes an impermissible modification of the court's decree of August 15, 1978, since the court had found therein that the building moratorium then in effect was imposed by the village pursuant to valid and legitimate exercise of its authority. From this he argues that the issue of the mode or manner of the extension of the building moratorium on October 12, 1978, was not within the issues reserved by the parties and the court for later determination.

■■ We cannot agree. The August 15 decree in this matter was not entered by the court on the basis of evidence heard but rather by the consent of the parties as part of a settlement of their dispute. Therein the parties agreed that they had settled and compromised all matters at issue between them except those specifically reserved. The parties specifically reserved the issue of any extension of the moratorium on building permits beyond October 13, 1978, for further determination by the court. The fact that the parties agreed and incorporated into their decree a finding that the building moratorium then in effect was imposed by the village pursuant to valid and legitimate exercise of its authority is not a bar to the plaintiffs' right to challenge, in all respects, the validity of any alleged extension of the moratorium beyond October 13, 1978. This was the very issue reserved in the consent decree for further determination.

○2 We agree with the trial court's finding that, as applied to the plaintiffs'

property, the moratorium action taken by the village board on October 12, 1978, is invalid. At the outset it should be pointed out that the motion in question of October 12, 1978, is defective since it is vague and indefinite. (*Cf. Consumers Co. v. City of Chicago* (1921), 298 Ill. 339, 343; *City of Chicago v. Pioneer Towing, Inc.* (1979), 73 Ill. App. 3d 867, 871.) It purports to impose a "building moratorium" until April 13, 1979, for the "northwest corner of the Village of Lombard." One cannot determine whether it halts all building construction including the remodeling and repair of old buildings as well as construction of new ones. Moreover, the area designated cannot be ascertained with certainty from a designation such as the "northwest corner of Lombard." The original "moratorium" of June 1978 was limited to an area bounded by certain named streets; the first extension of the moratorium which expired on October 13, 1978, described the area as the north side of the village. As stated above, the purported extension of the "moratorium" of October 12, 1978, reduced the area further to the "northwest corner." Its exact dimensions or locations cannot be determined from the phrase, "the northwest corner of the Village of Lombard."

Even if the motion purporting to establish the moratorium had been definite and certain, it was still invalid. The so-called moratorium purported to prohibit building activity in a portion of Lombard. Its effect, therefore, was to suspend the village's zoning ordinance in that area for that period of time. Existing ordinances of a municipality cannot be modified, suspended or amended by resolution or motion. See *Phillips Petroleum Co. v. City of Park Ridge* (1958), 16 Ill. App. 2d 555, 562-63, and cases cited therein.

In *People ex rel. J. C. Penney Properties, Inc. v. Village of Oak Lawn* (1976), 38 Ill. App. 3d 1016, the court dealt specifically with a so-called "moratorium." In that case, the village board of Oak Lawn had adopted, by motion, a moratorium that no new restaurants be allowed in the village. The court stated:

"The so-called moratorium had no legal standing; as the trial court correctly found, it was 'informal, unwritten and selectively applied.' The moratorium concept had never been adopted as an ordinance, or incorporated in an amendment to the Village's zoning ordinance. There had been no compliance with the notice and public hearing requirements of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 11—13—14) or with the requirements of its own zoning ordinance (section 23—6) which provide that proposed amendments must be submitted in writing and that the Planning and Development Commission must give notice and hold public hearings. A municipality must follow its zoning ordinances. * * * The corporate authorities of a

municipality cannot change an established zoning ordinance by merely passing a motion to that effect. The only way a village or city may amend such an ordinance is by passing an ordinance in strict compliance with the procedure imposed by statute. *Phillips Petroleum Co. v. City of Park Ridge* (1958), 16 Ill. App. 2d 555, 149 N.E.2d 344." 38 Ill. App. 3d 1016, 1018-19.

Having found the moratorium action of the village to be invalid, we find that the plaintiffs were, on October 13, 1978, and are now, entitled to the issuance of building permits in accordance with the consent decree.
■ We have taken, with the case, the motion of appellant for a partial reversal of the judgment and for a dismissal of the cross-appeal of the plaintiffs. The motion of the appellant for a partial reversal of the judgment is heard and denied; however, its motion to dismiss the cross-appeal of appellees-plaintiffs, seeking a reversal of the denial of money damages, is granted. The cross-appeal is dismissed not only for the reasons set forth in the appellant's motion but also for the reason that appellees, in contravention of Supreme Court Rule 341(e)(7), have waived this issue by failing to discuss it in their argument. Ill. Rev. Stat. 1977, ch. 110A, par. 341(e)(7); *Ray's Liquors, Inc. v. Newland* (1977), 52 Ill. App. 3d 680, 681.

We affirm the order of the circuit court of Du Page County entered June 1, 1979.

Affirmed.

NASH and LINDBERG, JJ., concur.