**CLARKSON VALLEY ESTATES, INC., Respondent,**

v.

**VILLAGE OF CLARKSON VALLEY, Missouri, Appellant.**

No. 42392.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 12, 1982.

Motion for Rehearing or to Transfer to Supreme Court Feb. 19, 1982.

Application to Transfer Denied April 13, 1982.

James L. Nouss, Clayton, for appellant.

Richard D. Schreiber, Clayton, for respondent.

SMITH, Presiding Judge.

The Village of Clarkson Valley appeals from a judgment in a court-tried case holding that two zoning ordinances of the village, to the extent they conflict with another zoning ordinance, are unconstitutional, invalid, unlawful, void and of no force and effect. The judgment also declared the other zoning ordinance valid and in full force and effect and enjoined the village from interference with the use of the premises as authorized by the valid ordinance.

The village was incorporated in 1950 as a sparsely settled area of St. Louis County. It has since had substantial growth. Throughout most of its existence, it was zoned entirely "A" Semi-Rural—essentially a single family residential and institutional zoning. Plaintiff, Clarkson Valley Estates, Inc., is a corporation, organized in 1953, and the owner of approximately 25 acres of land in the village. This land is located at the northwest corner of the intersection of Clayton and Clarkson roads at the southeast limit of the village. Beginning in 1972, plaintiff began attempts to develop the area commercially. In 1975, the village enacted ordinance 75–4 which rezoned the twenty-five acre tract from "A" Semi-Rural to "C" Commercial. That ordinance imposed rather stringent limitations on the development of the tract, essentially in accord with a development plan proposed by plaintiff and amended in various ways to obtain concurrence by the village. The response of the village residents was immediate. A suit was filed to invalidate the ordinance. The suit was later decided favorably to the validity of 75–4. In the interim, no substantial physical development of the tract occurred because of the pendency of the litigation and the refusal of village officials to issue necessary permits. During the pendency of the litigation a village election was held resulting in the election of candidates who were "anti-com-

mercial" and the defeat of all trustees who had voted for 75–4. After the conclusion of the litigation, plaintiff began grading the tract and shortly thereafter the village enacted ordinance 76–14 which eliminated the "C" district and returned the village entirely to "A". Plaintiff then filed this lawsuit challenging the validity of 76–14. While that litigation was pending, the village enacted a new zoning ordinance, 78–2, which repealed all prior zoning ordinances and amendments. Ordinance 78–2 zoned the entire municipality "A" Semi-Rural—an essentially single family residential and institutional zoning. Plaintiff then filed an amended petition attacking the validity of both 76–14 and 78–2.

The amended petition attacked the procedures employed in enacting 76–14 and the validity of the ordinance on the grounds that it was arbitrary, unreasonable, capricious and constituted an abuse of the village power and was therefore unconstitutional as applied to plaintiff's land. The amended petition leveled no procedural attacks on 78–2 but did level the same constitutional challenges. In addition, the amended petition (and also the original petition) alleged that plaintiff had incurred costs in developing the property in compliance with 75–4 and that additional development was prevented by village officials during the pendency of the prior litigation. The relief sought included a request for a declaration of invalidity of ordinances 76–14 and 78–2 and a request for an injunction to prevent the village from interfering with the lawful development of the tract for commercial purposes as authorized by 75–4.

The trial court issued findings of fact and conclusions of law in addition to its judgment. Most of those deal with the court's conclusions that the enactment of 76–14 was procedurally defective and that the enactment of both 76–14 and 78–2 was arbi-

trary, capricious, void and unconstitutional. Additionally, however, the trial court made findings of fact to support its conclusions of law that the village acted improperly in denying plaintiff authority to proceed with development under 75–4 and that such action deprived plaintiff of its vested rights in the commercial classification of the subject property.

The village's points on appeal deal solely with the trial court's findings and conclusions on the validity of ordinances 76–14 and 78–2. The standard of review to be applied by both the trial court and this court in assessing the rezoning by the village is whether it was "fairly debatable." *Vatterott v. City of Florissant*, 462 S.W.2d 711 (Mo.1971).[1] Our review of the record convinces us that it was.

We need not examine this issue in depth. Initially, we conclude that solely single family residential zoning for the entire village is legally permissible and is factually justified here given the nature of the community involved. *McDermott v. Village of Calverton Park*, 454 S.W.2d 577 (Mo.banc 1970). Secondly, we conclude that the tract here involved is at least arguably suited for the purpose for which it was rezoned by the village. Such rezoning does not make the land virtually unuseable for any purpose as was true in *Huttig v. City of Richmond Heights*, 372 S.W.2d 833 (Mo.1963), *Herman Glick Realty v. St. Louis County*, 545 S.W.2d 320 (Mo.App.1976) and *Loomstein v. St. Louis County*, 609 S.W.2d 443 (Mo.App. 1980). Unlike those cases, the land here is not an isolated residentially zoned parcel located in a commercially developed strip. Only the land on the other corners of the intersection (located within other governmental bodies) is commercially developed. The remaining land in the vicinity is either residentially or institutionally developed. Factually, the rezoning more closely ap-

---

1. In *Binger v City of Independence*, 588 S.W.2d 481 (Mo. banc 1979), the Supreme Court indicated that an appellate court reviewing a trial court's judgment in a zoning case is not restricted by the standard of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Rather it determines as a matter of law whether the

evidence establishes that the legislative judgment is fairly debatable. The trial court's determination that the village improperly deprived plaintiff of its rights to develop the property would, however, be subject to the *Murphy v. Carron, supra*, standard.

proximates the refusal to rezone in *Tealin v. City of Ladue*, 541 S.W.2d 544 (Mo.banc 1976) and *McDermott v. Village of Calverton Park, supra*, than those in *Huttig, Glick* and *Loomstein*. Thirdly, we do not find that under the unusual factual situation presented here a change of condition was a necessary requirement for rezoning to residential. The rezoning was intended to correct what was perceived by the residents of the village as a mistake; it reinstated a zoning which had been in effect for at least 22 years; it occurred less than two years after the rezoning to commercial, and the plaintiff did not acquire the property in reliance upon the 1974 rezoning. While we agree that rezoning should normally be based upon a change in conditions (*Numer v. Kansas City*, 365 S.W.2d 753 (Mo.App. 1963) [5]), we do not regard that as an absolute and immutable requirement. *Vatterott v. City of Florissant, supra*, at 715; *Miller. v. Kansas City*, 358 S.W.2d 100 (Mo. App.1962) [4, 5]; 1 Anderson, American Law of Zoning (2nd Ed. 1976), Sec. 4.28; 8 McQuillin, Municipal Corporations, (3d Ed. Rev. 1976), Sec. 25.67 b. Finally, we find no procedural deficiencies sufficient to void the enactment of 76–14 (*Miller v. Kansas City, supra*, [7–9]) and no claim of such deficiencies is even raised as to 78–2. We therefore conclude that the court erred in holding 76–14 [2] and 78–2 void and in declaring 75–4 to be in full force and effect.

We turn to the second facet of the judgment—the injunctive relief. As part of its findings and conclusions, the trial court dealt with the refusal of the village to allow development of the plaintiff's tract in accordance with 75–4 prior to its repeal. Specifically, the trial court concluded that the village had improperly denied plaintiff authority to proceed with such development and by so doing has "deprived Plaintiff of its vested rights to the commercial classification of the subject property." In support of these conclusions, the trial court cited two cases—*Gifford-Hill Company, Inc. v. Harrison*, 229 Ga. 260, 191 S.E.2d 85 (1972) and *Phillips Petroleum Company v. City of Park Ridge*, 16 Ill.App.2d 555, 149 N.E.2d 344 (1958). Both of those cases stand for the proposition that, where a municipality has improperly refused to issue the necessary permits for development under an existing ordinance, the municipality may not prevent such development under a subsequently enacted rezoning. The trial court's findings of fact here include findings in support of the legal conclusions it reached. The two cases relied upon by the trial court would support the injunctive relief granted by the trial court on the basis of the conduct of the village in improperly refusing to issue the necessary permits for development of the tract under 75–4.

The village has raised no contention on appeal that the trial court erred in its findings of fact or conclusions of law on this aspect of the case nor does it even raise an allegation of error in the issuance of the injunction. Only the declarations of the validity of the various ordinances has been challenged. Those declarations do not resolve the separate legal question presented and decided by the trial court concerning the right of plaintiff to proceed with development of the tract under 75–4 because of the improper denial of the requisite permits by the village while 75–4 was in effect. We have neither the authority nor the inclination to review this difficult legal and factual question when no claim of error concerning it has been made and when neither party has briefed the issue. To do so would deny the parties an opportunity to present arguments in support of or in opposition to the trial court's findings and conclusions—a denial contrary to our concept of the adversary system and due process. We therefore affirm the trial court's grant of injunctive relief.

Judgment of the trial court declaring Ordinances 78–2 and 76–14 unconstitutional, invalid, unlawful, void and of no further force and effect and declaring Ordinance 75–4 valid and in full force and effect is reversed. Judgment of the trial court en-

---

**2.** In view of our finding concerning 78–2 and our subsequent affirmance of the court's in-

junctive relief, the question of the validity of 76–14 is largely moot.

joining the Village of Clarkson Valley, its officials, employees and representatives from interference with the lawful use of the property in accordance with the provisions of Ordinance 75–4 is affirmed.

SATZ and PUDLOWSKI, JJ., concur.