Daniel M. CAHILL and Carolyn Cahill, Plaintiffs-Appellants,

v.

SHO–ME POWER CORPORATION, Defendant/Third Party Plaintiff-Respondent,

v.

AMERICAN BANK OF ROLLA, Third Party Defendant.

No. 12966.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 18, 1983.

---

Phillip S. Sachs, Michael P. Steeno, Sachs & Miller, P.C., Clayton, for plaintiffs-appellants.

Jeffrey H. Harrison, Robin L. Bullock, Harrison, Tucker, Dorr & Geisler, Springfield, Dan L. Birdsong, Rolla, for defendant/third party plaintiff-respondent.

No appearance for third party defendant.

MAUS, Presiding Judge.

Plaintiffs Daniel M. Cahill and Carolyn Cahill, his wife, seek damages from defendant Sho-Me Power Corporation for personal injuries to the husband. In general, Cahill was injured when he and a fellow employee were attempting to erect an aluminum flagpole in a commercial area in the vicinity of a 69,000 volt electric transmission line of Sho-Me. The transmission line was 27 feet and 3 inches above the ground. The flagpole was approximately 30 feet in length. When the two men were "walking" the flagpole to an upright position, it came into contact with or very close to the transmission line. The current coursed through the flagpole and Cahill and his fellow employee were severely injured. Upon motion, the trial court entered a summary judgment in favor of Sho-Me.

The rules by which the propriety of this summary judgment must be measured are well established. Such a judgment is appropriate only where the pleadings, depositions and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that any party is entitled to a judgment as a matter of law. Rule 74.04(c); *Pitman Mfg. Co. v. Centropolis Transfer Co.,* 461 S.W.2d 866 (Mo.1970); *Parmer v. Bean,* 636 S.W.2d 691 (Mo.App.1982). If a genuine issue of fact exists, summary judgment cannot be granted, and, a genuine issue of fact exists when there is the slightest doubt about the facts; however, the fact in doubt must be material and one which has legal probative force as to a controlling issue. *Crain v. Missouri Pacific R.R.,* 640 S.W.2d 533 (Mo.App.1982); *Union Elec. Co. v. Clayton Center Ltd.,* 634 S.W.2d 261 (Mo.App.1982).

The burden was on Sho-Me to show by unassailable proof that it was entitled to that judgment as a matter of law. Rule 74.04(h); *Cooper v. Yellow Freight System, Inc.,* 589 S.W.2d 643 (Mo.App.1979); *Am. Nat. Bank, Etc. v. White River Serv. Corp.,* 586 S.W.2d 454 (Mo.App.1979).

In determining if Sho-Me has met that burden, this court must consider the record in a light most favorable to the Cahills and accord them the benefit of any doubt. *Perkins v. Schicker,* 641 S.W.2d 432 (Mo.App. 1982).

The trial court based its summary judgment upon a determination the evidentiary material conclusively established that Cahill was contributorily negligent as a matter of law. The only issue briefed by the parties is whether or not that determination of contributory negligence was authorized by the above rules. That is the only point before this court. *Clarkson Valley Est., Inc. v. Vil. of Clarkson Val.,* 630 S.W.2d 151 (Mo.App.1982); *School Dist. v. Transamerica Ins. Co.,* 633 S.W.2d 238 (Mo.App.1982).

The trial court found that persons with ordinary intelligence are presumed to know the dangers attending contact with electrically charged wires and they know telephone lines are not 27 feet above the ground on "H" poles. It concluded "[r]easonable minds could not disagree that bringing an aluminum flagpole in contact with the transmission line or so near thereto that the electric power 'arced' made the dangerous situation of the presence of power lines effective in harm." To support this

summary judgment, Sho-Me cites as uncontroverted facts evidence of the following. Cahill knew the lines were electric lines and not telephone lines. The flagpole touched the transmission line. That others had discussed the presence of the transmission lines with Cahill. The testimony of Cahill's foreman that the foreman did not direct the actions of Cahill and his fellow employee in raising the flagpole.

The findings of the trial court and the arguments of Sho-Me, at least in part, seem to be premised upon the proposition that Cahill intentionally caused the flagpole to touch or come into close proximity of the transmission line. There is no evidence of such an intent. The question is whether or not Cahill failed to exercise ordinary care in raising the flagpole under the existing circumstances so that it unintentionally came into contact with or close proximity of the transmission line.

The summary judgment does not give recognition to the evidence contrary to the facts asserted by Sho-Me. For example, there is evidence of the following. Cahill saw the lines but did not know if they were telephone lines or electric lines. See *Gladden v. Missouri Public Service Company,* 277 S.W.2d 510 (Mo.1955). He saw them the day before the incident but didn't think much about them as they were in a hurry. No one discussed with him the presence of the transmission line. An official of the bank for which the flagpole was being erected selected the site. Had Cahill and his fellow employee raised the pole from the position in which they started, it would not have come into such proximity with the transmission line. Cahill clearly testified that upon the instructions of the foreman, he and his fellow employee swung the flagpole out into the street and raised it from a different angle so it would not hit the bank if it fell. It was from this angle the flagpole touched or came into close proximity with the transmission line. For the significance of such instructions see *Martin v. Fulton Iron Works Co.,* 640 S.W.2d 491 (Mo.

App.1982). There was no unassailable proof the electric current did not arc from the transmission line into the flagpole. See *Burk v. Missouri Power & Light Company,* 420 S.W.2d 274 (Mo.1967). For example, in its answer to an interrogatory Sho-Me stated it did not know whether the flagpole came into contact with or close proximity of the transmission line. Significant is the absence of evidence that Cahill knew the line was not insulated and that he knew it was energized. *Erbes v. Union Electric Co.,* 353 S.W.2d 659 (Mo.1962); *Martin v. Fulton Iron Works Co.,* supra; *Robinett v. Kansas City Power & Light Company,* 484 S.W.2d 506 (Mo.App.1972). "It is axiomatic that doubt can arise as readily from the absence of objective certainty as from the presence of controversy." *First Nat. Bk., Etc. v. South Side Nat. Bk.,* 644 S.W.2d 377, 379 (Mo.App.1982).

Sho-Me primarily relies upon *Hamilton v. Laclede Electric Cooperative,* 294 S.W.2d 11 (Mo.1956) and *Tellis v. Union Elec. Co.,* 536 S.W.2d 742 (Mo.App.1976). However, those cases are not controlling. In *Hamilton,* the plaintiff knew the wires running to her house in a rural area carried electricity. In *Tellis,* the decedent had been specifically warned of the presence of electric lines and told to be "awfully careful of them" before he placed the boom of his truck between those lines.

The facts of this case are more nearly comparable to the following cases. *Martin v. Fulton Iron Works Co.,* supra, in which the court observed that it was not shown that a painter knew the electric lines were energized. *Robinett v. Kansas City Power & Light Co.,* supra, in which a truck driver did not realize his dump bed would be up when he moved forward and did not know the lines were energized. *Burk v. Missouri Power & Light Company,* supra, in which the court noted there was no evidence the decedent appreciated the fact electricity would arc. *Lebow v. Missouri Public Service Company,* 270 S.W.2d 713 (Mo.1954), in which a decedent was pulling a ladder loose

from tree branches and it unexpectedly came into contact with a 6,900 volt line. Also see *Erbes v. Union Electric Co.,* supra; *Potter v. Sac-Osage Electric Cooperative, Inc.,* 335 S.W.2d 192 (Mo.1960); *Bridges v. Arkansas-Missouri Power Company,* 410 S.W.2d 106 (Mo.App.1966).

Under the evidentiary material before the court, the contributory negligence of Cahill would properly be submitted to a jury. However, that evidentiary material does not establish contributory negligence as a matter of law by unassailable proof. The judgment is reversed and the cause is remanded for further proceedings.

HOGAN and PREWITT, JJ., concur.