Ronald J. STEPHENS and Marilyn J. Stephens, Plaintiffs-Appellants,

v.

**SHO–ME POWER CORPORATION,**
Defendant-Third Party
Plaintiff-Respondent,

v.

**AMERICAN BANK OF ROLLA,**
Third-Party Defendant.

No. 13020.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 7, 1983.

———

Philip B. Sachs, Michael P. Steeno, Sachs & Miller, Clayton, for plaintiffs-appellants.

Jeffrey H. Harrison, Robin L. Bullock, Harrison, Tucker & Geisler, Springfield, for defendant-third party plaintiff-respondent.

Dan L. Birdsong, Rolla, for third-party defendant.

PER CURIAM.

This is a companion case to *Cahill v. Sho-Me Power Corporation,* 656 S.W.2d 327 (Mo.App.1983). For an understanding of this opinion, the opinion in that case must be first read. The basic facts are as follows. Plaintiff Ronald J. Stephens and fellow employee Cahill were attempting to erect an aluminum flagpole in a commercial area in the vicinity of a 69,000 volt electric transmission line of Sho-Me. When the two men were "walking" the flagpole to an upright position, it came into contact with or very close to the transmission line. The current coursed through the flagpole and both employees were severely injured. Upon motion, the trial court entered a summary judgment against plaintiff Stephens.

As in *Cahill,* the trial court based its summary judgment upon a determination the evidentiary material conclusively established employee Stephens was contributorily negligent as a matter of law. The findings and declarations of law which are the basis of that judgment are virtually identical to those in *Cahill.* Again, the only issue briefed by the parties is whether or not that determination of contributory negligence was authorized under the rules applicable to summary judgments. That is the only point before this court. *School Dist. v. Transamerica Ins. Co.,* 633 S.W.2d 238 (Mo. App.1982); *Clarkson Valley Est., Inc. v. Vil. of Clarkson Val.,* 630 S.W.2d 151 (Mo.App. 1982).

The evidentiary material concerning plaintiff Stephens' knowledge of the lines is slightly different than that of Cahill. Cahill had seen the lines, but didn't know if they were telephone or electric lines. In their brief, the plaintiffs say "the record is completely devoid of any evidence to show that Ron Stephens knew of the electric wires or even saw them." In its brief Sho-Me states, "[a]ppellant states he has no present recollection of what occurred prior to the incident." Nevertheless, there is gleaned from the mass of evidentiary material, which includes such items as some of Cahills' income tax returns, the following cryptic deposition question to and answer by plaintiff Ronald Stephens. "Q. Did you have enough knowledge of electricity before the accident that when you looked at the overhead power lines you knew them to be power lines, the carriers of electricity? ... A. No." There is evidentiary material of significance not present in *Cahill.* Foreman Tony Stephens supervised the work. He was in a position to see the pole being raised. He stated he didn't think the pole would hit the lines. One Proffitt had for many months worked at the bank where the pole was being erected. He said he had never actually noticed the wires and was unaware of any "hot lines" at the site. While he was observing the raising of the pole, he was unaware of any problem with overhead wires.

Again, Sho-Me in part bases its argument upon controverted facts. It cites evidentiary material the foreman did not direct the position from which the pole was to be raised. Yet, there is clear evidence to the contrary. It mentions evidence that indicated foreman Tony Stephens discussed the wires with plaintiff and Cahill the night before the incident. There was a direct denial of this indication.

A further discussion of the evidentiary material is unnecessary and would serve no purpose. The rules governing the conclusive nature of the evidentiary material necessary to support a summary judgment are recognized in *Cahill.* The same is true of the authorities delineating circumstances which establish a plaintiff such as Stephens is guilty of contributory negligence as a matter of law. It is sufficient to conclude the evidentiary material as measured by those rules and authorities does not present unassailable proof Stephens was so contributorily negligent. The judgment is reversed and the cause is remanded for further proceedings.

All concur.